
LYNN M. TODARO
CLERK OF COURTS
STARK COUNTY, OHIO
2026 MAR 18 PM 2: 57

## IN THE COURT OF COMMON PLEAS
## STARK COUNTY, OHIO

DAVID RORICK )
1180 Easthill Street SE )
North Canton, Ohio 44720 )
)
PATRICIA L. BETZ, TRUSTEE )
THE MAYTAG  LAND TRUST )
P.O. Box 2210 )
 North Canton, Ohio 44720 )
)
    Plaintiffs )
)
    And )
)
)
STATE OF OHIO, *ex rel.* )
DAVID RORICK )
1180 Easthill Street S.E. )
North Canton, Ohio  44720 )
)
    Relators )
)
    v. )
)
CITY OF NORTH CANTON, OHIO )
C/O BRENDAN HEIL )
LAW DIRECTOR )
145 North Main Street )
North Canton, Ohio  44720 )
)
)
    And )
)
PATRICK DEORIO, individually )
And in his official capacity )
1670 Ashford Circle N.E. )
North Canton, Ohio 44720 )
)
)
    And )
)

CASE NO: **2026CV00602**

JUDGE: **Farmer**

**VERIFIED COMPLAINT**
(Declaratory Judgment, Monetary Damages, Injunctive and Other Relief, and
Petition for Writ of Mandamus)

**JURY DEMAND ENDORSED**

(Request for Service Attached)

|  |  |
|---|---|
| **JOHN DOES 1--4** | ) |
| **(Address Unknown)** | ) |
|  | ) |
| **Defendants/Respondents** | ) |
|  | ) |
|  | ) |
| **With copy to:** | ) |
| **David Yost, Attorney General** | ) |
| **State of Ohio** | ) |
| **30 E. Broad Street** | ) |
| **14th Floor** | ) |
| **Columbus, Ohio 43215** | ) |

Now come the plaintiffs, David Rorick, ("Rorick") and Patrica L. Betz, Trustee of the Maytag Land Trust ("Trustee Betz" or "Maytag Property") for their complaint against defendants, City of North Canton ("the City"), Patrick DeOrio, and John Does 1-4 hereby state as follows.

## I. INTRODUCTION

1. David Rorick is a residential homeowner in North Canton as well as an established entrepreneur and business owner, having worked in Stark County and the surrounding area for decades. Plaintiff Rorick purchased a home and surrounding land in 2015 that were in great need of repair and upgrade. Plaintiff Rorick expanded the existing residence and landscaped the surrounding land, increasing the use and value of the property and increasing the value all the property of the surrounding landowners. This case was originally filed under Case No: 2024 CV 00959, voluntarily dismissed without prejudice on March 20,2025.

2



2.      The Maytag Property is contiguous to the Rorick homestead to the east, encompassing 2.3 acres of land which the City has used as a depository without legal authority for storm and other sewer water.  As a result of this unlawful conduct by the City, landowners, including Rorick, have been unreasonably inundated by water the travels from the Maytag property to the Rorick land.

3.      The Trustee acquired the Maytag property on or about November 18, 2025.  The land continues to be unreasonably inundated by City water drainage through discharge points within the City documented and undocumented drainage system that has lacked maintenance for years.



4



5

4.     At the time of his purchase in 2015, Plaintiff Rorick was unaware of any existing water intrusion problems created by the City's inappropriately maintained water drainage system. No portion of his property was designated as a wetland, and he had no substantial water issues before 2021. Plaintiff Rorick was not advised the poor maintenance by the City created wetland issues to the property immediately to the east—Maytag Property—or to the south of his land, nor was he aware that the negligent maintenance of the water drainage system would lead to destructive water intrusion on his property, ruining his renovations to the land, and costing him thousands of dollars to remedy. The following photos demonstrate the damages to the property from the south and east of the property:

6



7



8

6





10



5. Once the issues became known in 2021 and thereafter, the City took no action to remedy the destructive water intrusion, nuisance, and trespass created by the faulty and poorly maintained water drainage systems which create a continuing nuisance and trespass on Plaintiff Rorick's land and the land of his neighbors, resulting in an unconstitutional taking due to the

11

permanent damage created by the City's intentional or negligent and faulty actions. Plaintiffs Rorick and Trustee Betz filed this complaint to redress violations of their fundamental constitutionally protected property and civil rights through intentional, negligent, arbitrary, retaliatory, unreasonable and discriminatory land use and course of conduct.

6. The City is unlawfully interfering with Plaintiffs Rorick and the Trustee Betz' use of their property in violation of Ohio law and the First Amendment, Fifth Amendment and Fourteenth Amendment of the United States Constitution and Article I, Sections 2, 16, and 19 of the Ohio Constitution.

## II. FACTUAL BACKGROUND

7. Plaintiff David Rorick purchased real estate located at 1180 Easthill Street SE, North Canton, Ohio, on April 8, 2015 that consisted of two parcels. The real estate included a residential home and surrounding land, including a pond. (Exhibit A, Deed for purchase).

8. Trustee Betz acquired the Maytag Property on or about November 18, 2025. (Exhibit "B").

9. Plaintiff Rorick purchased a second parcel of land immediately west and contiguous to his 2015 parcel on February 11, 2022 from the North Canton Community Improvement Corporation. (Exhibit "C").

10. The City is a political subdivision under the laws of Ohio, and among other responsibilities, the City is obligated as a matter of law to manage, control and maintain the water drainage systems within the City and ensure that no unreasonable water flow is directed to innocent landowners whose property will suffer damage as a result of unreasonable water flow caused by poor maintenance and under performance by City employees and agents. Defendants

12

John Does 1—4 are individuals or agents of the City who are or may be policy makers whose identiies are unknown that may have contributed to or made decisions in violation of the Plaintiff's rights. Any potential John Doe is being sued in her or his individual and official capacity.

11. Defendant Patrick DeOrio was the City Administrator who separated from the City in 2024 but was the City Administrator and the active agent of the City with respect to all decisions regarding the required maintenance and function of the water drainage system, including any potential remedies. Defendant DeOrio is sued in his individual and official capacity.

12. Beginning in 2021 and continuing to the present, the City received notice that its water drainage system was inefficient and not working as designed. The result of the failed system caused water flow backups for many landowners in the Easthill Street area, including Plaintiff Rorick and the Maytag Property.

13. Despite this knowledge, the City took no affirmative action to remedy the ongoing water flooding issues created by the City. In fact, as pictured below, water streams into the Maytag Property from a pipe that the City claims is an "inlet pipe" to move water to the north away from the Maytag Property when in fact, the pipe is a "discharge point" dumping water onto the Maytag property, creating a swampy wetland that migrates to the Rorick property causing damage and environmental issues. Plaintiff Rorick complained about these issues and the resulting damage to his property to the City Mayor, his council representative and defendant DeOrio but no one took any affirmative action to resolve the issue. This is true even though the City officials all acknowledged Plaintiff Rorick's complaints were valid, serious, and needed correction.

13

14. According to the Maytag Property records and title search obtained during the acquisition by Trustee Betz, the City has no easement or lawful right to unreasonably redirect surface or storm water to the Maytag Property and create a swamp that ultimately pours onto the Rorick land from east, killing trees and vegetation and similarly destroys the Maytag property. The City's conduct is thus unlawful, negligent and unreasonable.



14



15





17



15.     Plaintiff Rorick continued to complain to City officials, including defendant

DeOrio, the Mayor and his council representative as his property was being destroyed by water

intrusion from both the south and the east. No official took any action, other than Defendant DeOrio retaliating against Plaintiff Rorick by contacting the U.S. Army Corp of Engineers on May 20, 2022 claiming a "private property owner has been altering what initially was a nature flow of water... as a result the water has stagnated causing water to accumulate on adjacent properties...." (Exhibit D, letter to U.S. Corp of Engineers). The retaliatory letter triggered an Ohio EPA investigation.

16. The allegations in the letter were false. In truth, the alteration of the water drainage system and failed maintenance by the City caused the water accumulation on the Maytag property to the east of Plaintiff Rorick's property as well as accumulation and stagnation of water to the south, which then infiltrated onto and damaging portions of the Rorick and Trustee Betz land as well as the property of homeowners to the south of Plaintiff Rorick. The allegations of defendant DeOrio were false, retaliatory, willful, wanton and reckless and in violation of Plaintiff Rorick exercising his First Amendment rights to express his concern and seek help from his local government officials because of the City's actions that caused damage to his property and the Maytag Property.

17. Defendant DeOrio's retaliatory actions, along other action and inaction of John Does 1--4, were negligent, willful, wanton and reckless, all designed to harm Plaintiff Rorick and destroty the vale of the Maytag Property. The City, through its actions and inaction ratified the retaliatory actions of defendant DeOrio.

18. As stated, after Plaintiff Rorick expressed his concern, instead of solving his problem, about damage to his property caused by the conduct of the City and its agents, the City officially retaliated against him in violation of his First Amendment rights.

19

19.  The City ratified defendant DeOrio's actions and refused to assist Plaintiff Rorick while he was being investigated by the Ohio EPA for conduct arising out of the City's retaliatory complaint and the City's misconduct including the negligent, reckless, malicious, wanton and willful conduct of Defendant DeOrio and John Does 1—4 in failing to maintain the drainage system and allowing an unreasonable volume of water to be redirected onto private land without permission.

20.  As a result of the retaliatory action by defendant DeOrio and the City, Plaintiff Rorick received a notice of violation from the Ohio Environmental Protective Agency ("EPA") on September 2, 2022, alleging interference with wetland created by the City's failed water drainage system--the existence of which was unknown to Plaintiff Rorick. (Exhibit E, EPA Letter).

21.  Plaintiff Rorick was forced to retain experts to respond to the EPA notice of violation and incur costs and legal fees. A diagram of the property water footprint is below:



22.     The green area depicted in the Davey diagram denotes the wetland created by the

unlawful actions of the City; said actions were created by the failure to maintain the water

drainage system that has deprived Plaintiffs Rorick and Trustee Betz of the use of their property

without compensation; moreover, the City retaliated against Plaintiff Rorick for voicing his

concerns about the City's actions and his effort to stop the water intrusion from destroying his

property. Defendant DeOrio's retaliatory conduct which contained false allegations in notifying

the US Corp of Engineers was conducted for the sole purpose of causing harm and silencing

Plaintiff Rorick's efforts to resolve the water drainage problems damaging his land and the land

neighboring property owners.

21

23. Plaintiff Rorick and Trustee Betz have no remedy other than Court interaction for damages as well as injunctive relief to prevent the continuing destruction of the property and the property of their neighbors.

## III. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### (Continuing Trespass)

24. Plaintiffs Rorick and Trustee Betz incorporate herein as if fully rewritten paragraphs 1—23.

25. Based upon the conduct of the City, Plaintiffs Rorick and Trustee Betz have suffered a continuing trespass with the infiltration of water which has destroyed vegetation, trees, and prevented the full use and enjoyment of their property.

26. In addition, Plaintiff Rorick neighbors, along with Plaintiffs Rorick and Trustee Betz, have suffered irreparable damage caused by the water infiltration that was directly and proximately caused by the City's failure to properly maintain the water drainage system about which it had full knowledge.

27. Trustee Betz's property is being used as a water retention area by the City, without any legal right, authority or easement allowing, redirecting and permitting water to be unreasonably redirected from the City storm water system, and from housing allotments to the south on to the Maytag Property, which effectively destroys any use of the land and a portion of its natural vegetation.

28. The redirection of water onto both the Rorick and Maytag properties is unreasonable and not part of a natural water flow but instead, a redirection of water for the City's

22

convenience, resulting in a continuous unreasonable trespass that will continue to destroy the land unless abated.

29.     As a direct and proximate result of the continuing trespass and ongoing negligence, plaintiff Rorick and Trustee Betz have sustained permanent damages to their property which is continuing thereby prohibiting full use of the land.

## SECOND CLAIM FOR RELIEF
### (Negligence, Willful, Wanton, Reckless)

30.     Plaintiff Rorick and Trustee Betz incorporate herein as if fully rewritten paragraphs 1-29.

31.     The continuing conduct of the City is negligent, willful, wanton, and reckless, through its employees, John Does 1-4 and specifically, defendant DeOrio, who willfully, wantonly, and recklessly engaged in conduct that directly caused harm by failing to correct the system that everyone knew was failing by allowing an unreasonable volume of water to be dumped on private property and failing to maintain the water drainage system to ensure that property owners did not receive an unreasonable volume of water causing permanent damage to their property including the Plaintiffs.

32.     The City was then negligent in failing to correct the problem once it had knowledge dating back to 2021, but the City had continuing knowledge as evidenced by the conduct of defendant DeOrio, who tried to shift the blame in dealing with the water problem to Plaintiff Rorick by contacting the United States Corps of Engineers in May 2022, which was a retaliatory act and intended to cause harm in a willful, wanton, and reckless manner.

33.     As a direct and proximate result of the unlawful conduct of the City as mentioned above, along with negligent, reckless, wanton and willful conduct of defendant DeOrio and

23

others, including John Does 1-4, Plaintiffs sustained damages to their property and have lost the full use and enjoyment of their property.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment--Unlawful Taking)

34.    Plaintiffs Rorick and Trustee Betz incorporate herein as if fully rewritten paragraphs 1–33.

35.    The conduct of the City substantially reduces the Rorick property value as well as the property value and use of the Maytag Property to such an extent that the conduct is a total and/or partial regulatory taking of the property without due process of law and without just or reasonable compensation.

36.    The City, by failing to maintain its water drainage system has infringed on Plaintiff Rorick and Trustee Betz's fundamental rights to the point that there may be no economically viable use of the property and such infringement is so severe as to constitute a total and/or partial regulatory taking of the property.  Similar conditions exist for other property owners.

37.    Plaintiffs Rorick and Trustee Betz are entitled to a declaration by this Court that the failed maintenance of the water drainage system is a total and/or partial regulatory taking under Article I, Section 19 of the Ohio Constitution and the Fifth Amendment of the United States Constitution for which Plaintiffs Rorick and Trustee Betz are entitled to just compensation from the City.

38.    In furtherance of the unlawful taking, the City has denied Plaintiff Rorick building permits and lawful use of his property, all under the guise of requiring permission from the Ohio EPA for any change to the property during the investigation and ongoing prosecution of the

24

claimed retaliatory wetland violation asserted by DeOrio. However, even after the Ohio EPA authorized Roricks' building request, the lawful use of the property was denied by the City. As a result, Plaintiff Rorick has not been permitted to expand or develop his property which is further evidence of the unlawful taking.

39.     As a direct and proximate result of the City's conduct as set forth herein, the City has engaged in an unlawful taking in violation of the Fifth Amendment of the United States Constitution, by negligently, recklessly, willfully, or wantonly allowing a water drainage system to exist and trespass upon the plaintiffs' land by inundating the Plaintiffs' property, along with the property of others.

40.     The conduct of the City has resulted in a taking in that Plaintiff Rorick is now being sanctioned by the Ohio EPA based upon a retaliatory complaint by the City's administrator demonstrating that Plaintiff Rorick is unable to use his property in a lawful manner because of the water damage created by the City.

41.     Similarly, Plaintiff Trustee Betz owns property the City has unlawfully used as a water dumping retention area without any lawful right. The redirection of water is unreasonable and has eliminated any viable use of the land.

42.     As a direct and proximate result of the City's violation of the Plaintiffs' constitutional rights, Plaintiff's Rorick and Betz have sustained the loss of use of their properties, which has resulted in a taking, without fair compensation and plaintiffs request declaratory judgment as to this issue.

25

## FOURTH CLAIM FOR RELIEF
### (Defendant, DeOrio Retaliation Claim)

43.     Plaintiffs Rorick and Trustee Betz incorporate herein as if fully rewritten paragraphs 1-42.

44.     Defendant, Patrick DeOrio, as Administrator for the City, acting as an agent for the City, retaliated against plaintiff Rorick to prevent him from complaining about the City's negligent failure to maintain the water drainage system.

45.     Defendant DeOrio's conduct was particularly egregious in that he made false statements within his retaliatory letter which was designed to silence and punish Plaintiff Rorick and prevent him from continuing to voice his concerns about how much property was being permanently damaged and how he had been prevented from using his property in any lawful manner based upon the actions and inactions of the City.

46.     Instead of assisting plaintiff Rorick and his neighbors in resolving this problem, defendant DeOrio sought to attack plaintiff Rorick by complaining to the United States Corps of Engineers which resulted in an Ohio EPA notice of violation. Such action by defendant DeOrio was an effort to silence Plaintiff Rorick and was in violation of the First Amendment of the United States Constitution.

47.     The retaliatory conduct by defendant DeOrio was motivated by Plaintiff Rorick's complaints and demands for relief related to the City's failed drainage system. The City failed to conduct any investigation as defendant DeOrio's misconduct and thus ratified his actions as a directive authorized by the City.

48.     As a direct and proximate result of the retaliatory action of defendant DeOrio, ratified by the City through its actions or inactions, Plaintiff Rorick has sustained significant

26

damages, including the loss of use of property and an Ohio EPA investigation all related to the City's lack of maintenance of its water drainage system and is an unreasonable redirection of water on to private property.

## FIFTH CLAIM FOR RELIEF
### (Mandamus-Inverse Condemnation)

49. Plaintiffs Rorick and Trustee Betz incorporate herein as if fully rewritten paragraphs 1-48.

50. Under Article 1, Section 19 of the Ohio Constitution and the Fifth Amendment to the United States Constitution, plaintiffs Rorick and Trustee Betz have a clear right to receive compensation from the City for the taking of property by the continued failed maintenance and negligence in causing water intrusion which is destroying the plaintiff's property.

51. The City has deprived the plaintiffs of all or most of its economic value and use of their property, causing damages in excess of Five Hundred Thousand Dollars ($500,000.00) by unconstitutionally allowing water intrusion which is destroying the value of his property and the value of property of surround neighbors.

52. By depriving the Plaintiffs of all or most of the economic value of the property in and amount in excess of Five Hundred Thousand Dollars ($500,000.00), the City has diminished the property's value which value will not be restored until the property is mitigated and returned to its pre-water destruction condition.

53. As compensation, the Plaintiffs is entitled to recover the amount by which the City has diminished their property value, in excess of Five Hundred Thousand Dollars ($500,000.00) from the date of such taking through the date that the City corrects the unconstitutional action.

27

54. The City is under a clear legal duty to commence appropriation proceedings in the Stark County Court of Common Pleas so that the Court can determine the amount of compensation the City must pay for the taking of the property.

55. Plaintiffs Rorick and Trustee Betz have no plain and adequate remedy in the ordinary course of law to require the City to compensate them fairly for the losses that they have incurred and will continue to incur for the City's taking of the property.

## SIXTH CLAIM FOR RELIEF
### (42 U.S.C. § 1983)

56. Plaintiffs Rorick and Trustee Betz incorporate herein as if fully rewritten paragraphs 1-55.

57. The City, through actions of defendant DeOrio and defendants John Does 1-4, all of whom were policy makers binding the City as to policy and procedures, have deprived the Plaintiffs Rorick and Trustee Betz of their property and liberty interests under the color of law without substantive due process of law, procedural due process of law, equal protection of law, and retaliatory conduct, without just compensation in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution.

58. Plaintiffs Rorick and Trustee Betz' property and liberty interests are the type to be protected by the First, Fifth, and Fourteenth Amendments to the United States Constitution.

59. The City's violation of plaintiff Rorick' and Trustee Betz's substantive due process, due process, and Fifth Amendment just compensation rights arose as a direct consequence of the City's policies and customs, including, but not limited to, the policy and custom of ignoring failed systems, including water drainage systems, and ignoring the

28

recommendations of experts and constituents and refusing to accept the truth of the failed system which was observed by all City officials, including police officers and members of the executive and legislative departments, all of which ignored the overwhelming evidence supporting the failure of the drainage systems and how it has damaged plaintiff Rorick's property and the property of others. Defendant DeOrio and John Does 1—4 were policy makers and bound the City with decisions and polices creating the damages as set forth above.

60. The City's actions were taken in bad faith and were arbitrary, capricious, willful, and in violation of controlling law.

61. Plaintiff Rorick has no adequate remedy at law to secure relief from the City's actions.

62. As a direct and proximate result of the City's violation of the plaintiff's constitutional rights, as well as the unlawful actions of Defendant DeOrio and John Does 1—4 plaintiff Rorick has been damaged in excess of Five Hundred Thousand Dollars ($500,000.00) and will continue to suffer damage as alleged herein.

## SEVENTH CLAIM FOR RELIEF
### (Preliminary and Permanent Injunction)

63. Plaintiffs Rorick and Trustee Betz incorporate herein as if fully rewritten paragraphs 1-62.

64. The defendant City of North Canton has realized its water drainage system is failing and causing irreparable damage to plaintiffs Rorick, Trustee Betz and other neighbors in his immediate area.

29

65. Defendant City must be enjoined and prevented from continuing to destroy residential properties in its failure to properly maintain the water drainage system and from refusing to take appropriate action to alleviate the problems created by the failed water system and its own negligence.

66. The defendant City must be enjoined from allowing the present system to continue to operate and failing to assist residents, such as the plaintiff, from sustaining water damage.

67. The defendant City is intentionally ignoring the issues that have been presented and particularly the issues presented by Plaintiffs Rorick and Trustee Betz as Plaintiff Rorick has consistently complained about the situation and asked for assistance at all levels of government, only to be rejected and retaliated against based upon his legitimate and lawful complaints.

68. Plaintiffs Rorick and Trustee Betz demand a preliminary and permanent injunction forcing the City to take appropriate remedial action to properly maintain the water drainage system, and stop all unlawful and unreasonable redirection of storm/sewer water and provide funding or compensation to Plaintiffs and others who have sustained damage from the illegal water drainage system, which has been negligently and unlawfully maintained and has been ignored by the City despite legitimate complaints of Plaintiff Rorick and other members of the community.

## IV.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Rorick and Trustee Betz make the following demand:

1. The Court enter declaratory judgment declaring that the drainage system and its maintenance as applied to Plaintiff Rorick and Trustee Betz's property violates substantive due process and equal protection;

30

2. The Court enter an order notifying the City that it must remediate and remedy the unreasonable redirection of water and damage to Plaintiffs Rorick and Betz's property within ninety (90) days after such order and further notify the City that if it fails to take appropriate action, the City will be subject to further orders of the Court;

3. The Court enter declaratory judgment declaring the City's actions as applied to the Rorick and Trustee Betz property are in violation of the Ohio and United States Constitutions requiring just compensation;

4. The Court issue a *writ of mandamus* directing the City to appropriate the property and to pay the Plaintiffs just compensation in an amount that a jury determines at trial for damages but believed to be in excess of Five Hundred Thousand Dollars ($500,000.00);

5. The Court preliminarily and permanently enjoin the City from depriving the Plaintiffs of their constitutional protective property rights and assist the Plaintiff Rorick in defending his claim against the EPA, including complete indemnification and payment of all costs, expenses, legal fees and potential assessments incurred as a result of the retaliatory complaint resulting in the EPA notice of violation and paying all costs and fee regarding any remediation ordered or necessary to resolve the alleged EPA violation;

6. That the Court award damages to the Plaintiff Rorick against the City for violation under 42 U.S.C. § 1983 in an amount exceeding Five Hundred Thousand Dollars ($500,000.00), but yet to be determined; and award an amount exceeding Two Hundred and Fifty Thousand Dollars ($250,000.00) on behalf of Trustee Betz;

7. That the Court award Plaintiffs all costs incurred in this action, including, but not limited to, reasonable attorney fees;

31

8.     Compensatory damages to Plaintiffs under Ohio law for the defendants' negligent, reckless, willful and wanton conduct in an amount in excess of Twenty-five Thousand Dollars ($25,000.00) plus interest, costs and reasonable attorney fees to each Plaintiff;

9.     Compensatory damages for the illegal continuing trespass against Plaintiffs in an amount in excess of Twenty-five Thousand Dollars ($25,000.00).

10.     Compensatory damages to Plaintiff Rorick against defendant DeOrio and the City for defendant DeOrio's retaliatory, willful, wanton and reckless conduct in violation of the First Amendment as a decision maker and City administrator whose actions were ratified and approved by the City in an amount in excess of Seventy-five ($75,000.00) plus interest, costs and reasonable attorney fees;

11.     Punitive damages against Defendant DeOrio and John Does 1-4 in an amount in excess of Twenty-five Thousand Dollars ($25,000.00).

12.     Any other damages the Court deems just, equitable, and proper.

Respectfully submitted,

_s/Gregory A. Beck_
Gregory A. Beck (0018260)
Tonya J. Rogers (0090439)
BAKER | DUBLIKAR
400 South Main Street
North Canton, Ohio 44720
Phone: (330) 499-6000
Fax: (330) 499-6423
E-mail: beck@bakerfirm.com
        tonya@bakerfirm.com

Counsel for Plaintiffs Rorick and Trustee Patricia Betz

32

## JURY DEMAND

A trial by jury is demanded herein on all issues presented to the Court.

*s/Gregory A. Beck*
Gregory A. Beck (0018260)
Tonya J. Rogers (0090439)
BAKER | DUBLIKAR

## REQUEST FOR SERVICE

**TO THE CLERK:**

Please service the defendants at the addresses listed in the captain, by certified mail, return receipt requested.

*s/Gregory A. Beck*
Gregory A. Beck (0018260)
Tonya J. Rogers (0090439)
BAKER | DUBLIKAR

33

## VERIFICATION

**STATE OF OHIO** )
                 ) SS:
**STARK COUNTY** )

Having been first duly sworn, I David Rorick state that I have read the foregoing verified complaint and the allegations therein, and they are, to the best of my knowledge, information and belief, true and accurate.

_____
DAVID RORICK

SWORN to before me and subscribed in my present this __/ 7__ day of March, 2026.

_____
Notary Public

Shirley A. Manfull
Notary Public, State of Ohio
My Commission Expires 07-05-2027

# General Warranty Deed

**KNOW ALL MEN BY THESE PRESENTS THAT**, Kris Ann Jokovich, a married woman; and Stacy L. Byers, a married woman, the Grantors, who claim title by or through document recorded as Instrument #200504220025115, of the Stark County Recorder's Office, for the sum of one dollar and other valuable consideration ($1.00 & o.v.c.), received to her full satisfaction from

**David M. Rorick,**

the Grantee, whose TAX MAILING ADDRESS will be _____

_____
does

**GIVE, GRANT, BARGAIN, SELL AND CONVEY** unto the said Grantee, his successors and assigns, the following described premises:

Situated in the City of North Canton, County of Stark and State of Ohio:

Known as and being Lot Number Four Thousand Two Hundred Thirty-seven (#4237) and Four Thousand Two Hundred Thirty-eight (#4238) in said city.

Parcel Nos: 9200357 and 9204670

Property Address:  1180 Easthill Street SE
North Canton, OH 44720

**TO HAVE AND TO HOLD** the above described premises, with the appurtenances thereunto belonging, unto the said Grantee, his successors and assigns forever.

**AND THE SAID Grantors** for themselves and their heirs, executors and administrators, hereby covenant with the said Grantee, his successors and assigns, that said Grantors are the true and lawful owners of said premises, and are well seized of the same in fee simple, and have good right and full power to bargain, sell, and convey the same in the manner aforesaid, and that the same are free and clear from all encumbrances,

# EXHIBIT

EXCEPT, any and all reservations, conditions, limitations, rights of way, easements and restrictions of record, zoning ordinances, if any, and real estate taxes and assessments both general and special, which are a lien but not yet due and payable, and further, that said Grantors will warrant and defend the same against all claims whatsoever except as provided herein.

**AND FOR VALUABLE CONSIDERATION** Brian R. Jokovich, husband of Kris Ann Jokovich; and Jason Byers, husband of Stacy L. Byers, do hereby remise, release and forever quit-claim unto the said Grantee, his successors and assigns, all their right and expectancy of **Dower** in the above described premises.

Executed this ___8___ day of ___April___, 2015.

_____
Kris Ann Jokovich

_____
Brian R. Jokovich

_____
Stacy L. Byers

_____
Jason Byers

AKA JAson m. Byers

**State of Ohio**              )
                              ) ss:
**County of Stark**            )

BEFORE ME, a Notary Public in and for said County and State, personally appeared the above named Kris Ann Jokovich and Brian R. Jokovich, wife and husband; and Stacy L. Byers and Jason Byers, wife and husband, who acknowledged that they did sign this Warranty Deed, and that the same is their free act and deed.

In Testimony Whereof, I have hereunto set my hand and official seal, at Canton, Ohio, this ___8___ day of ___April___, 2015.

Paula K. Yates
Notary Public, State of Ohio
My Commission Expires
Aug. 14, 2018

_____
Notary Public

This instrument was prepared by:
Christopher C. Pfendler, Esq.

50878

Page 2

202511180042561  11/18/2025 09:17 AM
P: 1 of 3          F:$62.00
Jamie Walters      DEED
Stark County Recorder
ERECORDING

ANGELA KINSEY
**Stark County Auditor**
Fee: $29.00
11/18/2025
TRANSFERRED
In Compliance with ORC 316.202
Deputy:NC    $0.50
202513065

## LIMITED WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS, that ROYAL APPLIANCE MFG. CO., an Ohio corporation ("Grantor"), for the consideration of $10.00 received to its full satisfaction of, PATRICIA L. BETZ, TRUSTEE OF THE MAYTAG LAND TRUST ("Grantee"), whose tax mailing address is P.O. Box 2210, North Canton, Ohio 44720, grants (with limited warranty covenants) unto Grantee, the premises described on the attached and incorporated Exhibit A ("Premises").

Excepted from Grantor's warranties are (a) easements, conditions, covenants and restrictions of record; (b) building and zoning ordinances; (c) taxes and assessments, both general and special, which are a lien, but not yet due and payable; and (d) those matters that would be disclosed by an accurate survey of the Premises on the date this instrument is recorded.

TO HAVE AND TO HOLD the above described Premises, with the appurtenances thereunto belonging, unto Grantee, its successors and assigns forever.

Prior Instrument Reference: Instrument Number ~~202511848~~ 202510200038422

Parcel Number: 9202170

Property Address: V/L Easthill Street, North Canton, Ohio 44709

*Execution page follows. No further text appears on this page.*

CHICAGO TITLE Ins. Co.
Order # 25370401357H   Escrow SS

EXHIBIT B

Executed on November 11, 2025.

GRANTOR:

Royal Appliance Mfg. Co., an Ohio corporation

_____
(Signature)

Preston E. Powell
_____
(Printed Name)

Assistant Treasurer
_____
(Title)

STATE OF SOUTH CAROLINA )
                                ) SS.
COUNTY OF ANDERSON · )

        This is an acknowledgement clause. No oath or affirmation was administered to the signer.

        BEFORE ME, a Notary Public in and for said County and State, appeared Preston Powell, the Assistant Treasurer of Royal Appliance Mfg. Co., who acknowledged that he did sign the foregoing instrument and that the same is his free act and deed, individually, as Assistant Treasurer, and of the company.

_____
Notary Public

My commission expires: 02/19/2026 _____

This instrument prepared by:

David B. Waxman, Esq.
McGlinchey Stafford, PLLC
3401 Tuttle Road, Suite 200
Cleveland, Ohio 44122



2

DEED | 202511180042561 | Recorded in STARK COUNTY, OH 11/18/2025 09:17 AM

## Exhibit A

## Legal Description

Situated in the City of North Canton, County of Stark and State of Ohio:

Lot No. 4239 in the Annexation to The Village of North Canton in Plat Book 34 Pages 192 to 194 as recorded in the Stark County Recorder's Office.

ALAN HAROLD
Stark County Auditor
FEE___A._____

FEB 1 1 2022

TRANSFERRED
TRANSFER NOT NECESSARY
DEPUTY _____
IN COMPLIANCE WITH ORC 319.202

202202110006485  02/11/2022 10:24 AM
P: 1 of 2          F:$34.00
Jamie Walters      DEED
Stark County Recorder

## GENERAL WARRANTY DEED
### (ORC Sections 5302.05 and 5302.06)

**NORTH CANTON COMMUNITY IMPROVEMENT CORPORATION,** an Ohio non-profit corporation ("Grantor"), for valuable consideration paid, grants with General Warranty Covenants, unto **DAVID RORICK** ("Grantee"), whose tax mailing address is *P.O. Box 2210 North Canton, Ohio 44720* the following real property ("Real Estate"):

> Situated in the City of North Canton, County of Stark and State of Ohio:
>
> Known as and being Lot No. 4236 in the City of North Canton, Stark County, Ohio.
>
> Parcel Number: 9204669
>
> Prior Instrument Reference: Instrument No. _202202110006484_ of the Stark County Official Records

The real property described above is conveyed subject to the following exceptions: real estate taxes and assessments, both general and special, which are a lien but not yet due and payable; and conditions, covenants, reservations and restrictions of record.

*01565*

03231971-1 / WAB-0005



# EXHIBIT C

Grantor has set its hand this _10_ day of _February_____, 2022.

**NORTH     CANTON     COMMUNITY     IMPROVEMENT CORPORATION, an Ohio non-profit corporation**

Signature ___Stephan B. Wilder___

By: ___STEPHAN B. WILDER___

Its: ___PRESIDENT___

STATE OF OHIO

COUNTY OF ___Stark_____ :

    This is an acknowledgment. No oath or affirmation was administered to the signer with regard to this notarial act.

    The foregoing instrument was acknowledged before me this _10_ day of _February_____, 2022 by _Stephan B. Wilder_____, _____ of **NORTH CANTON COMMUNITY IMPROVEMENT CORPORATION**, an Ohio non-profit corporation, on behalf of the non-profit corporation.

    IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal at ____Canton_____, Ohio, this _10_ day of _February_____, 2022.

Notary Public Signature _____

This instrument prepared by:
Wayne A. Boyer, Attorney at Law
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
4775 Munson Street, N.W.
P. O. Box 36963
Canton, Ohio 44735-6963
Phone: (330) 497-0700/ Fax: (330) 497-4020

Jonathan Michael Ballou
Notary Public, State of Ohio
My Commission Expires 11-02-2026

03231971-1 / WAB-0005





# CITY OF NORTH CANTON
### PATRICK A. DE ORIO, DIRECTOR OF ADMINISTRATION

U.S. Army Corps of Engineers
Huntington District
502 Eighth Street
Huntington, WV 25701-2070

May 20th, 2022

Dear Sir or Madam,

I hope this letter finds you well. On behalf of the City of North Canton, Ohio, I am writing to ask for the U.S. Army Corps of Engineers to engage with us regarding a wetland mitigation matter within the city limits of North Canton. I am enclosing contour maps displaying the area in question, including a property that is privately owned at 1180 Easthill St. SE, North Canton, OH 44720.

In short, the private property owner has been altering what was initially a natural flow of water through freshwater forested/shrub wetland. As a result, that natural flow of water has stagnated, causing water to accumulate on adjacent properties. In consultation with drainage specialists from the Stark Soil & Water Conservation District, we have been encouraged to reach out to you.

We would like to schedule a virtual meeting with a representative of the U.S. Army Corps of Engineers, during which we could provide an appropriate presentation of information so that they may offer guidance or otherwise intercede as they deem fit. Please do not hesitate to contact me via phone at 330-499-8223 ext. 1001 or via email at pdeorio@northcantonohio.gov at your earliest possible convenience. You may also reach out to our City Engineer and acting flood plain administrator, Robert Graham, P.E., via phone at 330-499-8223 ext. 1401 or via email at rgraham@northcantonohio.gov. Any guidance or assistance you could provide in regard to this matter would be greatly appreciated.

Respectfully,

Patrick A. De Orio
Director of Administration, City of North Canton

Cc: Ohio Environmental Protection Agency



EXHIBIT D



North Canton City Hall
145 North Main Street
North Canton, Ohio 44720
northcantonohio.gov



**Ohio Environmental Protection Agency**

Mike DeWine, Governor
Jon Husted, Lt. Governor
Laurie A. Stevenson, Director

September 2, 2022

**Emailed To:**

Mr. David Rorick
1180 East Hill Street
North Canton, Ohio 44720
mstonithetiger@gmail.com

**Re:** **1180 East Hill Street**
**Notice of Violation (NOV)**
**NOV**
**401 Wetlands**
**Stark County**
**DSW401228123**

**Subject:  Notice of Violation**

Dear Mr. Rorick:

This letter is written in follow up to a site inspection conducted by Cara Hardesty with Ohio EPA Division of Surface Water on August 9, 2022 at your property located at 1180 East Hill Street in North Canton, Stark County.  The inspection was in response to a complaint received regarding alleged manipulating of a pond/open water and potential wetland fill on the site. The purpose of the inspection was to determine the compliance of any activities occurring at the site with Ohio's environmental laws and regulations as found in Chapter 6111 of the Ohio Revised Code (ORC), Chapters 3745-1 and 3745-38 of the Ohio Administrative Code (OAC), and Section 401 of the Federal Water Pollution Control Act.

**Violations**

Ohio EPA, DSW observed the following violations of Ohio's environmental laws and regulations during the inspection. It is recommended that you promptly address these violations. Please pay special attention to the **Violation Description** and **Requested Action** associated with each violation listed below.

**ORC Section 6111.04 (A)(1):** No person shall cause pollution or place or cause to be placed any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state.

**Federal Law\*:**  Sections 401 and 404 of the Federal Water Pollution Control Act require anyone who wishes to discharge dredged or fill material into the waters of the United States, regardless of whether on private or public property, to obtain a Section 404 permit from the U.S. Army Corps of Engineers (Corps) and a Section 401 Water Quality Certification (WQC) from the Ohio EPA.

# EXHIBIT E

Central Office  • 50 W. Town St. • Suite 700 • P.O. Box 1049 • Columbus, OH 43216-1049
www.epa.ohio.gov • (614) 644-3020 • (614) 644-3184(fax)

1180 East Hill Street
September 2, 2022
Page 2 of 6

**\* Note:** The Corps is copied on this letter and has the final authority to determine whether the impacted wetlands are federally jurisdictional or isolated. Should the wetlands be determined isolated, the following would apply in lieu of federal law:
**ORC Section 6111.021 (B):** A person that proposes to engage in an activity that involves the filling of an isolated wetland shall apply to the director for coverage under a general state isolated wetland permit or shall apply for an individual state isolated wetland permit, as applicable, in accordance with sections 6111.02 to 6111.027 of the Revised Code. No person shall engage in the filling of an isolated wetland unless authorized to do so by a general or individual state isolated wetland permit. Sections 6111.02 to 6111.027 of the Revised Code do not apply to isolated wetlands created by previous coal mining activities where remining is proposed, except for wetlands created for mitigation purposes.

a. **Violation Description:**
Recent fill was observed in wetlands within the site. These activities have resulted in significant adverse impacts to the hydrology, water quality and populations of wetland flora and fauna of the wetlands within the site and have resulted in a loss of wetland acreage and functions prior to obtaining a permit and mitigating for wetland loss.

b. **Additional Information:**

During the August 9, 2022 site visit, Ms. Hardesty met David Rorick and Lydia Fach with the Huntington District Army Corps of Engineers and walked the site together. During the site visit, unauthorized wetland fill was observed within a wooded area on adjacent property to the east that Mr. Rorick said he had placed. The fill appeared to be primarily composed of freshly placed soil. Additional wetland fill was also observed on Mr. Rorick's property along the edges of the pond, this fill appeared to be primarily composed of soil that had been graded and seeded and was maintained as mowed lawn. Based on aerial photography, the wetland fill around the edges of the pond appeared to have been placed between July 2018 and August 2020. Wetland fill was also observed on Mr. Rorick's property west of the pond, this fill appeared to consist of primarily freshly placed soil, which appeared to have been excavated from this same wetland area along the west side of the property. Fill within all wetland areas, both on and adjacent to the property, needs to be addressed and resolved.

c. **Requested Action:**

(a) Please choose one of the following options and provide a written timeline detailing how you will complete your chosen option:

    i.    Application for an After-the-Fact (ATF) IWP from Ohio EPA. Please visit our website at the following link for application forms and instructions: https://epa.ohio.gov/wps/portal/gov/epa/divisions-and-offices/surface-water/permitting/water-quality-certification-and-isolated-wetland-permits.

1180 East Hill Street
September 2, 2022
Page 3 of 6

Please be aware that filling waters of the U.S. also requires approval from the U.S. Army Corps of Engineers. Also, please be aware that the impacts may not be approved by the director even though they have already occurred. **OR**

ii.   Restoration of the resource. If you intend to restore the resource to pre-impact conditions, please develop a restoration plan that includes methods for reestablishment of aquatic resources and a monitoring plan to ensure successful restoration is achieved.

(b) Due to the observed presence of additional wetland areas within the site, Ohio EPA is requesting that no additional fill be placed within the site until a wetland delineation has been submitted and approved by Ohio EPA, Division of Surface Water, Section 401 and Isolated Wetlands Program.

## **Conclusion**

**By September 16, 2022, please provide documentation to Ohio EPA DSW of the actions taken and/or will be taken to resolve the violations cited above.** Documentation of steps taken to resolve this (these) violation(s) includes but is not limited to: written correspondence, updated policies, and photographs, as appropriate, and may be submitted via the postal service or electronically to cara.hardesty@epa.ohio.gov.  If circumstances delay resolution of violations, you are requested to contact Ohio EPA DSW to discuss the situation and propose an alternative schedule to resolve the violations in a timely manner.

Please note that the submission of any requested information to respond to this letter does not constitute waiver of the Ohio EPA's authority to seek administrative or civil penalties as provided in Chapter 6111.09 of the Ohio Revised Code.

Should you have any questions, please contact me at (614) 644-2143 or via email at cara.hardesty@epa.ohio.gov.

Sincerely,

Cara Hardesty
Environmental Specialist
Division of Surface Water
401/Wetlands/Mitigation Section
Central Office

1180 East Hill Street
September 2, 2022
Page 4 of 6

ec:   Lydia Fach, lydia.e.fach@usace.army.mil, Department of the Army, Huntington,
      Corps of Engineers
      Patrick De Orio, pdeorio@northcantonohio.gov, City of North Canton
      Dan Bogoevski, daniel.bogoevski@epa.ohio.gov, DSW, NEDO
      Scott Sheerin, scott.sheerin@epa.ohio.gov, DSW, CO

Attachments: Inspection photos

1180 East Hill Street
September 2, 2022
Page 5 of 6



Figure 1.  View of recent fill observed in wetland on adjacent property to the east.



Figure 2.  Representative view of fill in wetland fringe of pond.

1180 East Hill Street
September 2, 2022
Page 6 of 6



Figure 3.  Representative view of fill in wetland fringe of pond (left) and recent fill in wetland along western portion of property (right).



Figure 4.  View of recent fill observed in wetland along western portion of property.